966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Thomas NEAL, Jr., Defendant-Appellant.
 No. 92-6070.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 3, 1992
Decided: June 23, 1992
 
 John Thomas Neal, Jr., Appellant Pro Se.
 Breckinridge Long Willcox, United States Attorney, Baltimore, Maryland, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pending before the Court is John Neal's Petition for Rehearing of our unpublished decision of April 20, 1992.
 
 
 2
 Neal moved in Maryland District Court under Fed. R. Crim. P. 32 to correct alleged inaccuracies and misstatements in his presentence investigation reports. The U.S. Probation Officer who prepared the initial reports submitted a supplemental report to the district court responding to Neal's allegations. The district court found that the new report was an appropriate supplement to the earlier presentence investigation reports, but that specific amendments to the earlier reports would not be appropriate. Accordingly, Neal's motion was denied on November 15, 1991. The next pleading filed by Neal that appears in the record of this case and on the district court's docket sheets is Neal's Notice of Appeal, dated by him on December 19, 1991.
 
 
 3
 This Court dismissed Neal's appeal as untimely because it was not noted within ten days of entry of the district court's final order. See Fed. R. App. P. 4(b); United States v. Grana, 864 F.2d 312 (3d Cir. 1989); United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985).
 
 
 4
 In his present petition, Neal argues that the district court confused his pleadings in the instant case with his submissions for a pro se civil appeal presently in abeyance in this Court, No. 92-6071, Neal v. Rice.* The confusion he alleges involves his peti tion to proceed in forma pauperis, and has no bearing on the timeliness of his appeal. Nevertheless, our examination of the record in Neal v. Rice, has disclosed a motion requesting the district court to reconsider its action in the instant case. This document is dated and notarized, November 21, 1991, is accompanied by an envelope postmarked November 25, 1991, and is stamped received by the district court on November 29, 1991. There is no specific acknowledgement of receipt of this pleading in the district court's docket sheets. The district court has not acted on this motion.
 
 
 5
 Because Neal mailed and served his misfiled Motion for Reconsideration within ten days of entry of the court's final order, his Motion tolled the running of the time period to appeal. See Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir.), cert. denied, 474 U.S. 818 (1985); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal "filed" at moment of delivery to prison authorities). Neal's notice of appeal therefore was timely filed. We remand to the district court for consideration of Neal's pending motion for reconsideration.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED
 
 
 *
 The district court's docket number for Neal v. Rice is CV-R-91-1012